### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DONALD H. WILLIAMS,**

       **Plaintiff,**              **CIVIL ACTION NO. 05-CV-71628-DT**

    **vs.**

                                **DISTRICT JUDGE ROBERT H. CLELAND**

**MICHAEL BOUCHARD ET AL.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**

_____/

### REPORT AND RECOMMENDATION

**RECOMMENDATION:**  Plaintiff's Complaint should be **DISMISSED** without prejudice *sua sponte* pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust his administrative remedies. Defendants' Motion for Summary Judgment (Docket # 15) should be **DENIED** as moot. Plaintiff's Motions for the Production of Documentation and for Leave to File an Amended Complaint (Docket ## 17, 18) should also be **DENIED** as moot.  Lastly, the undersigned's outstanding Orders granting Plaintiff an Extension of Time to File Responsive Pleadings to Defendants' Motion for Summary Judgment and requiring Plaintiff to Show Cause why Defendant Phillip Durocher Should Not Be Dismissed (Docket ## 23, 30) should be **VACATED** as moot.

### CASE SUMMARY

      Plaintiff is a *pro se* prisoner currently incarcerated at the Newberry Correctional Facility.  Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against Oakland County Sheriff Michael Bouchard, Dr. Phillip Durocher, Nursing Office Supervisor Michelle Gullet and Clinic Coordinator Mark Morrissey ("Defendants") for incidents that allegedly occurred

while Plaintiff was housed at the Oakland County Jail.[1]  The Defendants are sued in their official and individual capacities.  *Id.*  Plaintiff contends that Defendants violated his constitutional right to be free from cruel and unusual punishment by denying him adequate medical care and a proper diet.  Plaintiff further asserts that unspecified health care workers and correction officers at the Oakland County Jail retaliated against him for exercising his First Amendment right to file grievances.  *Id.* at 4.

On June 13, 2005 District Court Judge Robert H. Cleland referred this case to the undersigned for all pretrial proceedings.  On December 9, 2005 Defendants filed their Answer to the Complaint.  On January 5, 2006 Defendants Bouchard, Gullet and Morrissey filed a Motion for Summary Judgment, which is pending before the undersigned (Docket # 15).  Plaintiff was granted additional time to respond to Defendants' Motion (Docket # 23).  Defendant Durocher has not yet been served with the Summons and Complaint.  Plaintiff was then ordered to show cause why the Complaint should not be dismissed as to Defendant Durocher (Docket # 30).  Plaintiff's responses to Defendants' Motion for Summary Judgment and the Order to Show Cause are still outstanding.  On February 27, 2006 Plaintiff filed a Motion for Production of Documentation (Docket # 17) and a Motion for Leave to File Amended Complaint (Docket # 18).  These motions are also pending before the Court.

## LAW AND ANALYSIS

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a § 1983 action.  Specifically, the statute provides

---

[1]      Plaintiff was incarcerated at the Oakland County Jail when he filed the instant Complaint.  (Compl. at 1).

"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The prisoner must exhaust all of the administrative remedies available within the prison system. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999).

A prisoner must specifically allege and demonstrate clearly that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  To comply with the exhaustion requirement, a prisoner must file a grievance against the person or persons he ultimately seeks to sue. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*.  *Brown*, 139 F.3d at 1104; *see also Boling v. Oakland County Jail,* 2006 WL 581034 * 1 (E.D. Mich. 2006) (slip copy) ("A prisoners failure to demonstrate exhaustion of internal administrative remedies is grounds for automatic dismissal.").

The Oakland County Jail adheres to a two-level administrative grievance procedure by which inmates may submit written complaints regarding their conditions of confinement.

*Spencer v. Bouchard*, __ F.3d __, 2006 WL 1528876 * 3 (6th Cir. 2006).  Plaintiff in the instant case has failed to attach any of the documentation necessary to demonstrate that he followed the administrative procedures available to him at the Oakland County Jail. Plaintiff has also failed to allege exhaustion of his claims with specificity.  Plaintiff merely alleges in his Complaint that at some time between December 2004 and February 2005 he filed a grievance "with no results what so ever." (Compl. at 4).  Plaintiff has therefore failed to demonstrate exhaustion of his administrative remedies as required and accordingly his Complaint should be **DISMISSED WITHOUT PREJUDICE**.  *See Spencer*, __ F.3d __, 2006 WL 1528876 * 3; *Boling,* 2006 WL 581034 * 1.

In light of the instant recommendation, Defendants' Motion for Summary Judgment (Docket # 15) and Plaintiff's Motions for the Production of Documentation and for Leave to File an Amended Complaint (Docket ## 17, 18) should be **DENIED** as moot.  The undersigned's outstanding Orders granting Plaintiff an Extension of Time to File Responsive Pleadings to Defendants' Motion for Summary Judgment and requiring Plaintiff to Show Cause why Defendant Phillip Durocher Should Not Be Dismissed (Docket ## 23, 30) should also therefore be **VACATED** as moot.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 22, 2006                    s/ Mona K. Majzoub
                                        **MONA K. MAJZOUB**
                                        **UNITED STATES MAGISTRATE JUDGE**


                              **Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Donald  Bouchard and Counsel of Record.

Dated: June 22, 2006                    s/ Lisa C. Bartlett
                                        Courtroom Deputy