**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD H. WILLIAMS,

    Plaintiff,

v.                                                    Case No. 05-CV-71628

MICHAEL BOUCHARD et al.,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Pending before the court is the report of United States Magistrate Judge Mona Majzoub which recommends dismissal without prejudice of this civil rights action filed *pro se* by a Michigan prisoner. By order of reference pursuant to 28 U.S.C. §636(b)(1)(B) and Appendix C of the Local Court Rules, the case had been referred to the magistrate judge for review. Plaintiff has filed no objections pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2).[1]

The court adopts the recommendation of the magistrate judge and orders the case dismissed without prejudice.

---

[1] Defendants' motion for Summary Judgment [Dkt #15] was filed January 6, 2006, and Plaintiff filed a motion to extend time to respond [Dkt #27], which was presented on February 27, 2006 but not docketed until June 2, 2006. This motion was granted on June 2, 2006 [Dkt #23] in an order that specified July 7, 2006, as the deadline for submitting a response. Plaintiff filed a "Brief in Opposition to Defendants['] Summary Judgment Motion" on July 6, 2006. Because Plaintiff's July 6, 2006 opposition brief focuses solely on the merits of Defendants' summary judgment brief, it cannot be interpreted as an objection to the magistrate judge's report and recommendation. Indeed, Plaintiff's opposition brief does not in any way address the magistrate judge's conclusion that he had not exhausted his administrative remedies.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have ben submitted in support of the motions to determine the outcome of the motions.

Failure to file objections and failure to file *specific* objections each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987); *Willis v. Secretary of HHS*, 931 F.2d 390 (6th Cir. 1991).

The court adopts the magistrate judge's standard for a prisoner to plead exhaustion of administrative remedies, which was correctly set forth in the report and recommendation. (*See* R&R at 2-3.)

### II. DISCUSSION

Each objection should explain how the magistrate judge's analysis is alleged to have been wrong, why it was wrong, and how *de novo* review will achieve a different result on that issue. An objecting party may not simply "incorporate by reference" earlier pleadings; similarly, merely reproducing an earlier unsuccessful motion for summary judgment (or an unsuccessful response to the other party's motion) is not a

sufficient objection to the magistrate judge's analysis, and will ordinarily be treated by the court as an unavailing general objection. See *Howard,* 932 F.2d at 508-09. Thus, to the extent that Plaintiff's July 6, 2006 can be interpreted as a "general objection" to the magistrate judge's report and recommendation, it is insufficient to preserve any objection or right to appeal the report. *See Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). As discussed above, Plaintiff's opposition brief does not even mention the magistrate judge's report and recommendation, let alone raise any issue which has any bearing on the magistrate judge's analysis in her report. (*See supra*, n.1.)

Therefore, in this case, no objections at all have been presented and Plaintiff has waived the right to *de novo* review by this court and further right of appeal. *Walters*, 638 F.2d at 949-50; *Arn*, 474 U.S. at 155; *Howard*, 932 F.2d 508-09. The court has nonetheless read the report and recommendation, and finds that it is correct.

Specifically, the court has reviewed the summary of facts underlying the magistrate judge's report, and finds them supported by the pleadings. The court further has reviewed the conclusions of law recommended by the report, and finds them each to be correct. Plaintiff's complaint simply does not provide sufficient allegations to find that he has satisfied the administrative exhaustion requirement. Indeed, to comply with this requirement, a prisoner must file a grievance identifying each defendant eventually sued and also allege mistreatment or misconduct on the part of each specific defendant in his grievance. *Spencer,* 449 F.3d at 725 (citing *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir.2003)); *see also Curry v. Scott,* 249 F.3dd 493, 505 (6th Cir. 2001) ("The requirement that a prisoner file a grievance against the person he ultimately seeks to

sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court."). Because Plaintiff's complaint fails to allege or show that he has complied with this requirement, dismissal is mandated in order to allow Plaintiff an opportunity to exhaust his administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) ("In light of the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based, this court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies.").

## IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that the magistrate judge's report and recommendation [Dkt. # 32] is ADOPTED IN FULL and incorporated by reference.  IT IS FURTHER ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE.  All pending motions are DENIED as moot.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522